## APPEAL OF BOB H. McGINNIS.

. Docket No. 6647.    Submitted February 23, 1926.    Decided June 23, 1926.

Under the facts, *held*, that merchandise actually purchased, whether the price was fully paid or not, and sold during a taxable year, should be added to purchases during the year, even if the taxpayer was on the cash receipts and disbursements basis.

*Paul E. Shorb, Esq.*, and *Harold C. Anderson, C. P. A.*, for the petitioner.

*F. O. Graves, Esq.*, for the Commissioner.

### Before GRAUPNER [1] and TRAMMELL.

This appeal involves a deficiency in income tax for 1919 in the amount of $1,446.89. The deficiency arises on account of the inclusion by the Commissioner, in the closing inventory of 1919, of cotton in the amount of $8,688, and on account of the exclusion, from the

---

[1] This decision was prepared during Mr. Graupner's term of office.

cost of cotton sold, of 14 bales which cost $2,074.09, upon the ground that that amount of cotton was not purchased during 1919.

### FINDINGS OF FACT.

The taxpayer was an individual residing at Cartersville, Ga. He was engaged in the business of buying and selling cotton. He had a large quantity of cotton stored in a warehouse at Taylorsville, Ga. He also had cotton stored in warehouses at Cartersville, Calhoun, Rockmount and Stilesboro, in the same State. The inventory of cotton on hand at the end of the year 1919 was increased by the Commissioner in the amount of $8,688 over that reported by the taxpayer. Some cotton during 1919 was transferred by the taxpayer from the Taylorsville warehouse to the Cartersville warehouse.

The taxpayer acquired by purchase 14 bales of cotton during 1919, which he sold during that year. The cotton cost $2,074.09. It was purchased from a person who was indebted to the taxpayer and it was not known at the time of the purchase exactly how the account stood between them—whether the purchase of the cotton would balance the account or how much would be owing over the amount of the indebtedness. A part of the purchase price of these 14 bales of cotton was paid in 1920, when an agreement was reached on the account between the parties.

Inventories were taken by taxpayer on the basis of cost. The cost of this cotton should be added to purchases during the year 1919.

### OPINION.

TRAMMELL: In the absence of convincing evidence that the action of the Commissioner was erroneous in increasing the closing inventory by $8,688, we must approve his action. There was testimony that the inventory representing cotton at the Taylorsville warehouse was included in the inventory taken at the Cartersville warehouse. The evidence introduced by the taxpayer, however, was not definite and positive. Neither of the witnesses testified positively of his own knowledge that the cotton at the Taylorsville warehouse was in fact included in the inventory.

With respect to the 14 bales of cotton acquired by the taxpayer and sold by him during 1919, we have found as a fact that it was actually purchased during that year. The fact that a part of the payment was not made until 1920 is not sufficient to hold that it should not be included in the 1919 purchase, although the taxpayer was on the cash receipts and disbursements basis. The cotton was purchased and actually sold during 1919. The fact that a part of the purchase price was not paid until 1920 might be evidence that the goods were not purchased until that year, since there was testimony that the taxpayer was on a cash basis. But the other facts overcame

this evidence. Goods actually bought and sold during a year should be added to purchases made during the year in order to reflect the income properly attributable to the year. It is not necessary to decide whether the taxpayer was on the cash basis or the accrual basis, as in any event the above rule is correct with respect to goods actually purchased and sold during a year.

> *Order of redetermination will be entered on 10 days' notice, under Rule 50.*