*210 OPINION.
Trammell:
In the absence of convincing evidence that the action of the Commissioner was erroneous in increasing the closing inventory by $8,688, we must approA^e his action. There was testimony that the inventory representing cotton at the Taylorsville warehouse wTas included in the inventory taken at the Cartersville warehouse. The evidence introduced by the taxpayer, however, was not definite and posit^e. Neither of the Avitnesses testified positively of his oaaui knoAvledge that the cotton at the Taylorsville Avarehouse was in fact included in the inventory.
With respect to the 14 bales of cotton acquired by the taxpayer and sold by him during 1919, we have found as a fact that it was actually purchased during that year. The fact that a part of the payment was not made until 1920 is not sufficient to hold that it should not be included in the 1919 purchase, although the taxpayer was on the cash receipts and disbursements basis. The cotton was purchased and actually sold during 1919. The fact that a part of the purchase price was not paid until '1920 might be evidence that the goods were not jiurchased until that year, since there was testimony that the taxpayer Avas on a cash basis. But the other facts overcame *211 this evidence. Goods actually bought and sold during a year should be added to purchases made during the year in order to reflect the income properly attributable to the year. It is not necessary to decide whether the taxpayer was on the cash basis or the accrual basis, as in any event the above rule is correct with respect to goods actually purchased and sold during a year.

Order of redetermination will be entered on 10 days' notice, under Rule 50.